UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EDWARD JEROME HARBISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 1:97-CV-52 |
| | ) | |
| RICKY BELL, Warden, | ) | *Judge Curtis L. Collier* |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM and ORDER

Edward Jerome Harbison ("Harbison"), a Tennessee prison inmate awaiting execution, filed this case as a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241, *et seq.* (Court File No. 135) or, alternatively, as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Harbison has now filed two motions—a motion to alter or amend (Court File No.154) and a motion to expand the appointment of counsel (Court File No. 156) Respondent Rickey Bell, Warden ("Respondent") filed a response to the motion to alter or amend (Court File No. 157).

Because the Court finds Harbison's motions are not well taken and are not supported by governing law, the Court **DENIES** both motions.

### I. DISCUSSION

#### A. Procedural History

This case began in 1997 when Habison first filed his habeas petition. In 2001 the Court granted summary judgment to Respondent and dismissed the petition (Court File No. 102). Harbison appealed this Court's decision to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit")(Court File No.

122). In 2005 the Sixth Circuit affirmed the Court's decision (Court File No. 128). Harbison filed a writ of certiorari with the United States Supreme Court and also file a second petition for the writ of habeas corpus (Court File No. 135). Included in this petition was also a request for relief from the judgment.

Based upon the clear statutory law and case law precedents, this Court issued an order and memorandum, denying the motion for relief from judgment and transferring the petition part of the filing to the Sixth Circuit (Court File No. 152, Order of Court; Court File No. 151, Memorandum of Law).

In reaction to this order, Habison now brings these two new motions, his Motion to Alter or Amend Order and Memorandum and his Request for Leave to Expand Appointment Order.

The Court will discuss them in turn.

### B.     Motion to Alter or Amend

Harbison argues the Court should amend its order and memorandum to include "findings as to whether the state procedural bar as applied to this case and discussed in the memorandum rests upon independent state grounds." (Court File No.154, Motion to Alter or Amend). In the body of the motion Harbison mentions Fed. R .Civ.P. 52 (b) and 59 as authority for his request. Later on he mentions Fed. R. Civ. 60(b). It is not at all clear from his arguments which rule he relies upon because he had made no effort to demonstrate he has complied with the requirements of any of the three rules.

The Court's order was entered on November 28, 2006. This motion was filed on December 7, 2006. Rule 52 by its very terms applies to instances where the court has tried a case without a jury. Obviously, no such trial took place in this case. How Rule 52 is applicable is not stated.

Rule 59(e) authorizes motions to alter or amend a judgment if filed within ten days. However, under Rule 59(e), the district court has considerable discretion whether to alter or amend or reconsider an earlier ruling. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Columbia Gas*

*Transmission Corp. v. Limited Corp.*, 951 F.2d 110, 112 (6th Cir. 1991). The court must balance the need for finality with the need to render just decisions. *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355. However, "[i]n practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2810.1 at 128; *see also Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993) (noting Rule 59(e) motions "should be granted sparingly because of the interests in finality and conservation of judicial resources").

A Rule 59(e) motion is "aimed at *re*consideration, not initial consideration." *F.D.I.C. v. World University Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (citations omitted). A party should not use the motion to "raise arguments which could, and should, have been made before judgment issued." *Id.* Thus, the motion should "either clearly establish a manifest error of law or must present newly discovered evidence." *Id.* Evidence brought to a court's attention under Rule 59(e) must have been previously "unavailable." *Lostumbo v. Bethlehem Steel, Inc.*, 8 F.3d 569, 570 (7th Cir. 1993); *Atlantic States Legal Foundation v. Karg Bros.*, 841 F. Supp. 51, 53 (N.D.N.Y. 1993) (noting a court is justified in reconsidering its earlier ruling if "new evidence not previously available comes to light"). "Newly discovered evidence" is that which is "truly newly discovered or ... could not have been found by due diligence." *Atlantic States*, 841 F. Supp. at 56 (citation omitted).

Rule 60(b) permits motions for relief from judgment in very limited circumstances. Rule 60 (b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

3

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

To prevail under Rule 60(b) a petitioner must demonstrate the presence of "a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." See *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Habrison has made no effort to show a manifest error of law or the existence of any newly discovered evidence as required by Rule 59(e). Nor has he made an effort to show any of the first five categories of Rule 60(e) applies. For that reason he may be relying upon the catchall category of Rule 60(b)(6). However, under this provision he is still required to "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2649 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

Since Harbison has made no effort to demonstrate he falls within any rule permitting the Court to alter, amend or reconsider the Court's earlier order, the Court **DENIES** the motion to alter or amend (Court File No. 154).

Had the Court determined Harbison had demonstrated he had complied with Rule 59(e) or Rule 60(b), and the Court had considered the merits of the motion, the Court would nevertheless have denied his motion for the following reasons. In this motion, Harbison asks the Court to alter or amend its prior order and memorandum, but only with respect to the first ruling (i.e., with regard to the Rule 60(b) motion) (Court File No.154). Harbison suggests, in his present motion, that the part of the order and memorandum involving the Rule 60(b) motion be modified to include an inquiry into whether the procedural bar found by the state court is independent of federal law (the third factor in the four-factor test in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)).[1] The Respondent objects to the motion to alter (Court. File No. 157).

To place the present motion in context, Harbison's Rule 60(b) motion must be revisited. In the earlier motion, Harbison maintained the Court incorrectly ruled that certain claims raised in his original petition had never been presented to the state courts; could not then be presented; and, therefore, were procedurally barred. Harbison also maintained that, after these rulings were issued, he went back to the state courts and exhausted various claims, including a claim of an alleged violation of the rule in *Brady v. Maryland*, 373 U.S. 83 (1963). The decision resulting from the latest state court proceedings, according to Harbison, showed this Court's rulings with respect to those claims to be defective. Finally, in a marked exaggeration he asserted the defective rulings subverted the integrity of the Court's judgment.

The Court determined there was no merit to Harbison's assertions and denied the Rule 60(b) motion. First of all, this Court's prior conclusion that his claim had never been presented to the state courts and

---

[1] Under *Maupin*, a court must make specific inquiries when a state asserts a petitioner's procedural default bars review of his federal claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A court must determine: 1) whether there is a procedural rule which applied to a petitioner's claim and whether a petitioner complied with the rule; 2) whether the procedural rule was actually enforced against a petitioner; 3) whether it is an adequate and independent state ground sufficient to block habeas review; and 4) whether a petitioner can demonstrate cause for his failure to comply with the rule and prejudice resulting from the alleged constitutional violation. *Id.*, at 138.

5

could not then be presented was indisputably correct at the time the conclusion was reached. Though the state courts permitted Harbison to file a motion to reopen his post-conviction petition (subsequently converted, upon his request, to a petition for a writ of error coram nobis), which was amended to include the *Brady* claim, the state courts did not review the claim on its merits but, instead, held the coram nobis petition was filed outside the statute of limitations. The Court's earlier determination of procedural default rested on one type of procedural default (i.e., a claim which is technically exhausted, yet procedurally defaulted),[2] but it now appears, since the state courts have actually employed Tennessee's coram nobis statute of limitations as a procedural bar to Harbison's *Brady* claim, it is the second type of procedural default which applies.

This is important because, in the Sixth Circuit, the pertinent analysis for making a procedural default determination depends upon the type of procedural default asserted. A default in the latter category requires the application of *Maupin*'s four-factor test, whereas a procedural default which falls within the former classification dispenses with the first three factors in the *Maupin* test and proceeds directly to the cause-and-prejudice factor. Harbison suggests, in his present motion, that the order and memorandum involving the Rule 60(b) motion be modified to include an inquiry into whether the procedural bar found by the state court rests upon grounds independent of federal law (the third factor in the four-factor *Maupin* test).

---

[2] A petitioner who has never presented a claim in the state courts and who is barred from returning to those courts to present his claim meets the technical requirements of exhaustion because there are no state remedies left to exhaust. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A petitioner in this position has committed a procedural default which can only be overcome by a showing of cause to excuse the default and actual prejudice as a result of the alleged constitutional violation. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Coleman*, 501 U.S. at 750.

In one sense, it is doubtful[3] that a Rule 60(b) motion requires the Court to make new rulings concerning matters not addressed in the 2001 memorandum and order (which are, after all, the subjects of the Rule 60(b) motion) and, certainly, the Court did not address in its earlier entries whether the procedural scheme applied as a bar to the coram nobis petition was independent of federal law. Because the Court did address cause-and-prejudice in its original decision on the § 2254 petition, the Court re-examined its prior cause-and-prejudice findings, in light of the coram nobis proceedings, to determine whether those earlier findings were defective. Though the Court views the analysis under *Maupin* to be required when making a procedural default determination *ab initio*, no such analysis is required when a prior determination of procedural default is merely being revisited under the aegis of Rule 60(b). Of course, this does not mean it would be inappropriate to apply the *Maupin* test *if* the Sixth Circuit authorizes Harbison to file a second or successive petition, *see Gonzalez v. Crosby*, 545 U.S. 524 (2005) (holding that a Rule 60(b) motion is not to be treated as a habeas corpus petition), and *if* the Respondent then asserts a procedural default with respect to the *Brady* claim, based on the recent state coram nobis proceedings.

There is a one-year statute of limitations governing the filing of coram nobis petitions, *see* Tenn. Code Ann. § 27-7-103 ("The writ of error coram nobis may be had within one (1) year after the judgment becomes final. . ."), with which Harbison did not comply. The state courts enforced the procedural bar. This satisfies *Maupin*'s first two factors.

The third factor requires the Court to determine whether the procedural bar constitutes an adequate and independent state ground sufficient to preclude habeas review. Where "resolution of [a] state procedural law questions depends on a federal constitutional ruling, the state-law prong of the court's

---

[3]Harbison provided the Court with no authority for the proposition it is proper to go back in time and make alternative or additional determinations long after judgment has been rendered.

holding is not independent of federal law." *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). It is Harbison's contention, in his motion to alter, that the coram nobis limitations statute is not an independent state ground sufficient to bar federal review because the tolling procedure in *Burford v. State,* 845 S.W.2d 204 (Tenn.1992),[4] as applied in his case, required the state courts to assess the strength of his claim under the *Brady* principles and because such an assessment depends on the state court's view of federal law. Hence, according to Harbison's theory, there can be no independent state procedural default.

Harbison's position is deficient for several reasons. First, the Court sees no discussion of the *merits* of a *Brady* claim in the state court opinion, much less a merits ruling on the claim. It is also telling that the analysis section of the opinion contains no reference to the *Brady* decision; no recitation of the elements of a *Brady* claim; and, not surprisingly, no application of those elements to the facts in Harbison's case. The more natural reading of the opinion is that the discussion of the allegedly suppressed evidence comprising the *Brady* claim was an integral part of the state court's determination as to whether the different-outcome prerequisite for coram nobis relief existed. It would have been impossible to reach a conclusion as to whether presentation of the suppressed evidence at trial would have resulted in a different outcome without discussing the missing evidence, as well as the proof adduced at trial.

Secondly, Harbison's contention regarding the state court's application of *Burford* to his coram nobis case, as least as it relates to the decision of the Court of Criminal Appeals, is not borne out by the state appellate court's opinion. Though the state appellate court cited *Burford*'s holding that the statute of limitations must be tolled if the private interests of a petitioner outweigh the governmental interest in

---

[4] Under the rule in *Burford v. State,* 845 S.W.2d 204 (Tenn.1992), the one-year period is tolled when a strict application of the statute would deny a petitioner a reasonable opportunity to pursue relief and thereby violate his due process rights. To determine whether a reasonable opportunity has been afforded, Tennessee courts balance a petitioner's liberty interest in having his claim heard against the state's interest in preventing litigation of stale or fraudulent claims.

preventing stale and groundless claims, *Harbison v. State*, No. E2004-00885-CCA-R28-PD, 2005 WL 1521910, *4 (Tenn. Crim. App. June 27, 2005), *permission to app. denied* (Tenn. Dec. 19, 2005), it did not discuss any private interests on the part of Harbison nor any interests on the part of the State, much less attempt to balance such interests. It is questionable as to whether *Burford* was actually applied since a mere citation to *Burford* does not do service as the balancing test required by *Burford*.

Third, even if the rule in *Burford* was applied in the coram nobis proceedings, the Court is mindful of the holding in a death-row inmate's habeas corpus case which involved a later-arising *Brady* claim. In *Hutchinson v. Bell*, 303 Fd. 3rd 720 (2002), the Sixth Circuit considered whether a Tennessee post-conviction court's application of *Burford* and its subsequent finding of a procedural bar (the waiver rule) was intertwined with federal law and, thus, did not constitute an independent state law ground. Observing "the decision to apply the *Burford* exception does not depend upon the state court's determination of the merits of the petitioner's constitutional challenges to his conviction or sentence," the Sixth Circuit implicitly held the post-conviction statute of limitations with its *Burford* tolling mechanism to be an independent state law ground. *Id*. at 740-41 and n. 6.

The Court recognizes that *Hutchison* involved the one-year post-conviction statute of limitations while this case involves the one-year coram nobis limitations statute, but sees no compelling reason not to apply the same rationale to this case and now finds, to the extent such a finding is necessary, the state court's decision not to apply the *Burford* exception in Harbison's case does not depend upon a merits review of the *Brady* claim and, therefore, the procedural bar to Harbision's coram nobis petition as found by the state court is independent of federal law.

The cause-and-prejudice factor in *Maupin* was addressed in the memorandum disposing of the Rule 60(b) motion, and no further discussion of this factor is sought or warranted.

9

Harbison also offers some arguments in his motion to alter which appear to have been recycled from his "§ 2241 *et seq.*" petition/Rule 60(b) motion. To the extent these arguments relate to Harbison's § 2241 petition—and not to his assertion the Court should have determined whether the asserted state procedural bar was independent of federal law—those arguments are no more persuasive in the current motion than they were in his earlier filing. They are rejected.

    **C.**    **Motion to Expand Appointment of Counsel**.

In his last motion, Harbison seeks leave under 18 U.S.C. § 3006A[5] and § 3599 (formerly 21 U.S.C. § 848(q)(4)(B)8(e)), to extend the appointment of the Federal Defender Services of Eastern Tennessee, Inc., to permit it to represent him in his state clemency proceedings (Court File No. 157). Respondent has not responded to the motion. As bases for his motion, Harbison points to his execution date of February 22, 2007, and to a recent Tennessee Supreme Court opinion, which holds state law does not provide for the appointment of counsel in a clemency request to the Governor (*Id.*, Attach. D and Attach. E, *State v. Johnson*, No. M1987-00072-SC-DPE-DD (Tenn. Oct. 6, 2006) (per curiam order) (explaining, in reference to an order in Harbison's case, that the order did not extend the appointment of the Post-Conviction Defender to clemency proceedings)).

He has also submitted a supporting affidavit from Donald E. Dawson, the Post-Conviction Defender, who avers his office has a heavy caseload; does not have the funding or the staff to represent Harbison in the clemency matter; does not have the time to conduct an investigation or to review extensive state and federal court records involved prior to initiating the clemency proceedings; and simply cannot provide

---

[5] In relevant part, 18 U.S.C. § 3006 permits a court to appoint counsel to represent a state prisoner seeking habeas corpus relief under 28 U.S.C. § 2254. *See* 18 U.S.C. §3006A(a)(2)(B).

adequate assistance to Harbison in state clemency proceedings [*Id*., Attach. F, Affidavit of Donald E. Dawson].

Dana Hanson Chavez, an attorney with the Federal Defender Services of Eastern Tennessee, Inc. ("FDSET"), who represents Harbison in these instant proceedings, indicates her client, though facing imminent execution, has been without state clemency counsel for three months; that FDSET has represented Harbison in his habeas corpus petition since 1997; and that, if Harbison is not granted relief in the courts, he intends to seek clemency from the Governor and, absent the granting of this motion, will be forced to "'navigate the labyrinthine clemency process' *pro se*."

An indigent death-sentenced inmate is entitled to the appointment of counsel to represent him in a section 2254 case, and "each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." 18 U.S.C. § 3599(a)(2) and (a)(2)(e).[6]

As Harbison notes, there is a circuit split on whether the statute ( i.e., 18 U.S.C. § 848, now 18 U.S.C. § 3599), which authorizes the appointment of *federal* habeas corpus counsel, extends that appointment to *state* clemency proceedings. *Compare Hain v. Mullin*, 436 F.3d 1168 (10th Cir. 2006) (holding "that counsel appointed under § 848(q)(4)(B) to represent state death row inmates in 28 U.S.C. § 2254 proceedings are authorized by the statute to represent these clients in state clemency proceedings") and *Hill v. Lockhart*, 992 F.2d 801 (8th Cir. 1993) (finding, under some circumstances, the statute extends to state clemency proceedings) with *Clark v. Johnson*, 278 F.3d 459 (5th Cir. 2002) (holding the statute does

---

[6] Harbison also cites to 18 U.S.C. § 3006 as authority for his motion. In relevant part, 18 U.S.C. § 3006 provides for the appointment of counsel for a state prisoner seeking habeas corpus relief under 28 U.S.C. § 2254. *See* 18 U.S.C. §3006A(a)(2)(B).

not extend representation in federal habeas corpus cases to state clemency proceedings) and *In re Lindsey*, 875 F.2d 1502 (11th Cir. 1989) (ruling the statute does not authorize federal compensation for representation in state proceedings).

This circuit, though not directly addressing the issue at hand, has determined in a closely analogous situation the statute does not entitle a death-row inmate to federally-funded counsel in state post-conviction cases. *See House v. Bell*, 332 F.3d 997 (6th Cir. 2003) (*en banc*). Narrowly construing the statute, the Sixth Circuit succinctly stated: "The rule is simple. The two representations shall not mix. The state will be responsible for state proceedings, and the federal government will be responsible for federal proceedings." *Id.* at 999.

Though the above language in *House* clearly indicates the Sixth Circuit would follow the same reasoning if asked to determine whether the statute provides for federally-appointed counsel during state clemency proceedings, the Western District has concluded that, under certain circumstances, the statute applies in state clemency proceedings. *See Alley v. Bell*, No. 97-cv-3159 (W.D. Tenn.) (order of Mar. 10, 2005, entered as Court File No. 181). Citing to 18 U.S.C. § 3599(a)(2), the district court noted the government's duty to fund federally-appointed counsel in state clemency proceedings arises only if a petitioner "is or becomes financially unable to obtain adequate representation." *Id*. at 4. Thus, if a state must furnish clemency counsel, the statute is not implicated since adequate representation is available. *Ibid*. (citing *Hain*, 436 F.3d at 1173 n.6).

While acknowledging the concerns expressed in *House* (i.e., that reading the statute as providing for federal counsel in state post-conviction proceedings would entitle a petitioner who succeeds in having his sentence vacated to federally appointed counsel in any resulting new state trial, state appeal, and state habeas corpus), the district court found that, where a petitioner has already failed in his endeavor to obtain

12

habeas corpus relief, *House*'s directive that the "representations shall not mix" could be reconciled with the statutory instruction that counsel appointed during § 2254 proceedings "shall continue their representation." This reconciliation is made possible, according to the district court, by reading the statutory requirement for federally-funded counsel as being triggered only where a state is not obliged to furnish such representation since, under this circumstance, adequate representation is not available. Soon after, the petitioner submitted proof he had failed in his attempt to secure the services of the Post-Conviction Defender's office in the clemency proceedings, and the district court granted his motion, confirming federal funding for his federally-appointed counsel would extend to his state clemency proceedings. *Alley*, No. 97-cv-3159 (order of May 16, 2006, entered on the docket sheet as Court File No. 183).

Additionally, on November 15, 2006, after the district court's above decision in *Alley*, a three-judge panel of the Sixth Circuit considered a motion filed by counsel appointed to represent a death-sentenced Tennessee inmate in his § 2254 case. *See Abdus-Samad v. Bell*, No. 03-6404 (6th Cir. Nov. 15, 2006) (unpublished order). The motion sought court confirmation that the representation was to continue in state clemency proceedings. *See Abdus-Samad v. Bell*, No. 03-6404 (6th Cir. Nov. 15, 2006) (unpublished order). The Sixth Circuit panel, without any discussion, granted the motion. Like Harbision, Abdus-Samad had sought and failed to obtain relief in his previous § 2254 petition. *See Abdus-Samad v. Bell*, 420 F.3d. 614 (6th Cir. 2005), *cert. denied*, 127 S.Ct. 380 (2006).

While the Court respects the sentiments and reasoning stated in the district court's decision in *Alley* the Court is bound to follow and apply clear Sixth Circuit precedent. The Circuit spoke clearly and plainly in *House*. *House* is a published *en banc* decision. An unpublished panel decision that did not even discuss the issue is of no weight in the face of *House*. Harbison provides the Court with no basis to disregard *House*

13

other than to argue *House* was wrongly decided. That is an argument that must be made to a higher court, not this Court.

Accordingly, Harbison's motion for the FDSET to represent him in state clemency matters (Court File No 156), is **DENIED**.

## II. CONCLUSION

For the reasons stated above, the Court **DENIES** Harbison's Motion to Alter and Amend (Court File No. 154) and Harbison's Motion for Leave to Expand Appointment Order (Court File No. 156).

    **SO ORDERED.**

    **ENTER**:

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**